**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GINGER INGRAM,

        Plaintiff,

v.                                                 Case No. 6:13-cv-381-Orl-37GJK

THE FORBES COMPANY, LLC d/b/a
MALL AT MILLENIA; and
ABERCROMBIE FITCH STORES, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion for Remand (Doc. 30), filed March 28, 2013; and

2. Defendant's Response and Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 32), filed April 11, 2013.

Upon consideration, the Court hereby grants Plaintiff's motion.

**BACKGROUND**

Plaintiff alleges that a wooden frame fell and injured her while she was in an Abercrombie & Fitch store at the Mall at Millenia. (Doc. 3, ¶¶ 8, 14, 20.) On December 10, 2009, she brought negligence claims in state court against the mall, the store, and a store manager. (*Id.* ¶¶ 6–23) On November 9, 2012, the manager moved for summary judgment. (Doc. 10.) On March 6, 2013, the state court granted the manager's motion and terminated her as a party to the case. (Doc. 1-5.) That same day, the remaining Defendants filed a Notice of Removal on diversity grounds, as the dismissal of the manager created complete diversity of citizenship pursuant to 28 U.S.C.

§ 1332. (Doc. 1.) The case had been set for trial in the state court on May 6, 2013. (Doc. 1-12, p. 2.) Plaintiff moved to remand, arguing that the case was untimely removed in violation of 28 U.S.C. § 1446. (Doc. 30.) Defendants opposed. (Doc. 32.)

## STANDARDS

Removal jurisdiction exists only where a district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 735, 755 (11th Cir. 2000). A district court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

28 U.S.C. § 1446 provides that in a case not originally removable, a defendant may only remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which . . . has become removable." However, no case may be removed more than one year after the commencement of the action. *Id.* § 1446.[1]

Despite a defendant's statutory right to remove, "plaintiff is still the master of his own claim," and "defendant's right to remove and plaintiff's right to choose his forum are not on equal footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Rather, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* (citations omitted).

---

[1] On December 7, 2011, Congress amended § 1446 to provide that a defendant may remove beyond the one-year period where the plaintiff acted in bad faith to prevent the defendant from removing the action. Pub. L. No. 112-63, 125 Stat. 758 § 103 (2011). This amendment became effective on January 6, 2012. *See id.* § 105(a). The amendment applies to "any action . . . commenced on or after [the] effective date." *Id.* As the instant action commenced on December 10, 2009, the bad faith amendment does not apply. Thus, when the Court refers herein to § 1446's one-year limitation, it refers to that limitation as it was enacted at the time this action commenced, that is, without the bad faith exception.

**DISCUSSION**

Defendants filed their Notice of Removal (Doc. 1) more than three years after Plaintiff filed her Complaint (Doc. 3). Plaintiff moved to remand on the ground that this action was untimely removed outside of § 1446's one-year limitation.[2] (Doc. 30, pp. 2–5.) Defendants opposed Plaintiff's motion to remand on two grounds: (1) the state court's order granting a motion to amend and add parties filed by Plaintiff reset the clock for timeliness purposes; and (2) even if the clock was not reset, Plaintiff fraudulently joined the now-dismissed manager and acted in bad faith to defeat diversity, such that the Court should equitably toll the one-year limitation. (Doc. 32.)

**1. Date of Commencement**

Defendants argue that the Court should not consider the date of commencement of this action to be December 10, 2009 (the date on which this action was filed in state court) but should instead consider it to be March 6, 2013 (the date on which the state court granted Plaintiff's motion to amend). (Doc. 32, pp. 7–8.) Defendants appear to contend that because Plaintiff could have amended her complaint to add another party as a defendant, the action commenced on the date of the state court's ruling because the addition of a new party means that the action commences anew. (*Id.*) This argument is not well-taken.

Even if Plaintiff had added an additional defendant—which she did not—the addition of a party or claim does not commence the action anew. *See Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333, 1335–36 (M.D. Ala. 2001) (noting that

---

[2] Plaintiff also argued that this action was untimely removed more than 30 days after Defendants' receipt of a paper from which they could have ascertained that the case was removable, namely, the manager's deposition. (Doc. 30, p. 5.) The Court does not reach this issue, as it finds that this action was untimely removed pursuant to the one-year limitation and is thus subject to remand for that reason, as discussed below.

3

commencement occurs at "commencement of the action initially, and not as to any later addition of a particular party or claim"); *Van Niekerk v. Allstate Ins. Co.*, No. 12-62368-CIV, 2013 WL 253693, at *2 (S.D. Fla. Jan. 23, 2013) ("[T]here is no indication in § 1446 that an 'action' would 'commence' anew each time a claim is asserted or a party is added."). Rather, the commencement of an action is determined by state law. *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1346 (S.D. Fla. 2012); *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1363 (N.D. Ala. 1997). Under Florida law, an action is deemed commenced when the complaint is filed. *See* Fla. R. Civ. P. 1.050. Thus, this action commenced on December 10, 2009, and Defendants' March 6, 2013 removal was untimely unless the one-year limitation may be equitably tolled.

**2. Equitable Tolling**

Defendants argue that the one-year limitation should be tolled in this case because Plaintiff committed fraudulent joinder and acted in bad faith to defeat diversity.[3] (Doc. 32, pp. 8–16.) Defendants thus argue that removal was not untimely and that the case should not be remanded. (*Id.*) However, the Court finds that remand is appropriate in this case.

Federal courts have limited jurisdiction and removal statutes must be construed narrowly. *Burns*, 31 F.3d at 1095. The plain language of § 1446 admits of no exceptions to the one-year limitation. Additionally, the legislative history of § 1446 makes clear that the purpose of the statute was to limit removal in cases that have substantially matured in state court.

---

[3] Defendants appear to argue that the bad faith provision of § 1446(c) applies to this case. (Doc. 32, p. 9.) As discussed above, the bad faith provision does not apply because this action commenced before the effective date of the amendment to § 1446. *See supra* note 1. However, the Court considers the bad faith argument under the doctrine of equitable tolling.

4

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. . . . Removal late in the proceedings may result in substantial delay and disruption.

H.R. Rep. No. 100-889, at 72 (1988).

The U.S. Court of Appeals for the Eleventh Circuit, albeit in dicta, has recognized that in some cases, plaintiffs will intentionally yet permissibly evade removal, and that this conduct was contemplated by Congress.

> The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) shows that [C]ongress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.

*Burns*, 31 F.3d at 1907 n.12. The Eleventh Circuit also stated that "a plaintiff who artfully pleaded his claim could avoid federal jurisdiction," and that "such a result (*if* it is not good policy) should be remedied by congressional and not judicial action . . . ." *Id.* at 1094 n.4 (emphasis in original). Indeed, this is precisely why Congress recently passed an amendment to § 1446 providing that a defendant may remove beyond the one-year period where the plaintiff acted in bad faith to prevent the defendant from removing. *See supra* note 1; H.R. Rep. No. 112-10, at 15 (2011) (noting that the bad faith amendment addresses plaintiffs' adoption of "removal-defeating strategies" that resulted from the 1988 one-year limitation amendment).

Here, Defendant proffers evidence of bad faith on the part of Plaintiff and argues

5

that the store manager was fraudulently joined because a cause of action could never have been established against her. (Doc. 32, pp. 8–16.) *See Cabalceta v. Std. Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (describing the test for fraudulent joinder as involving "whether there is no possibility the plaintiff can establish any cause of action against the resident defendant"). Even if this were the case and even if the one-year limitation may be equitably tolled for bad faith or fraudulent joinder—neither of which the Court decides here—the Court finds that principles of equity favor remand.

First, this case was mature in state court. The action was removed more than three years after it was filed and only two months before trial. (*See* Doc. 3; Doc. 1-12, p. 2.) The state court proceedings have already passed the summary judgment stage. (*See* Doc. 1-5.) To allow this action to be removed on the eve of trial would undermine Congress's purpose in creating the one-year limitation—to avoid disruption of proceedings after substantial progress has been made in state court. *See* H.R. Rep. No. 100-889, at 72 (1988).

Second, Defendants unreasonably sat on their rights. They could have sought to remove this action at the outset if they believed that a non-diverse defendant was fraudulently joined. While Defendants argue that the manager was fraudulently joined because she had no personal hand in the alleged accident and Florida law requires that a corporate agent be personally at fault in order for liability to attach (Doc. 32, pp. 13–16), the store manager was an employee of one of the Defendants and it was likely within Defendants' knowledge whether she had any personal participation in Plaintiff's alleged injury. Instead, Defendants waited until just before trial to remove. If Defendants believed that a non-diverse party was fraudulently joined, they should have removed in a more timely fashion and argued fraudulent joinder at that juncture. *Cf. Russaw v.*

6

*Voyager Life Ins. Co.*, 921 F. Supp. 723, 725 (M.D. Ala. 1996) ("[A] defendant has only one year to uncover a fraudulent effort to defeat diversity jurisdiction. If the defendant has tried to do so but failed and one year as elapsed since the commencement of the suit, the focus of the litigation should be on the merits rather than on the proper forum.").

As such, because removal at this stage would disrupt the substantially progressed state court proceedings and because Defendants unreasonably waited to remove until long after the one-year limitation expired, the Court does not find that this case presents an exception to § 1446's one-year limitation. The weight of the equities favors remand. Accordingly, this action is hereby remanded to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Remand (Doc. 30) is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.
3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 24, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record